#97203

ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 JAN 24 PM 3:54

DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**Norman Strehl and**
**Regina Strehl,**
**Plaintiffs,**

**v.**

**Zale Corporation, d/b/a Zales Outlet; and Craig Realty Group, d/b/a Outlets at Silverthorne,**
**Defendants.**

3-17CV 222-N
17-CV-

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff's Norman and Regina Strehl, pro se, allege upon personal knowledge as to each of them individually and jointly, and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a personal injury action brought against Defendant Zale Corporation, a Delaware corporation with corporate offices in Irving, Texas and Craig Realty Group, a California corporation with corporate offices in Newport Beach, California for its negligent and grossly negligent failure to maintain reasonable safe facilities at the Outlets at Silverthorne, a commercial outlet mall open to the public and Zales

Outlet Store, a commercial jewelry store open to the public, located within the Outlets at Silverthorne, Silverthorne, Colorado.

## PARTIES

2. Plaintiff's Norman and Regina Strehl are a married couple residing in and citizens of the state of Arkansas. Regina Strehl was injured while visiting the Zales Outlet in Silverthorne, Colorado on December 26, 2015. Norman Strehl suffered injury as a result of the injuries sustained by his wife, Regina.

3. Defendant Zale Corporation is a commercial business engaged in the retail sale of jewelry and having its principal place of business at its corporate headquarters in Irving, Texas. Defendant Zale Corporation is an indispensable party to this action.

4. Defendant Craig Realty Group is a commercial business engaged in the ownership, development and management of outlet shopping malls and having its principal place of business at its corporate headquarters in Newport Beach, California. Defendant Craig Realty Group is an indispensable party to this action.

## VENUE AND JURISDICTION

5. This Court has subject matter jurisdiction over this action based on diversity of citizenship, pursuant to 28 U.S.C. §1332.

6. The amount in controversy exceeds $75,000.00.

7. Venue is proper in this District, pursuant to 28 U.S.C. §1391(a) and *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

## FACTUAL ALLEGATIONS

8. Norman and Regina Strehl were on vacation, away from their residence in Little Rock, Arkansas, in Colorado on December 26, 2015.

9. On December 26, 2015 while shopping at the Outlets at Silverthorne in Silverthorne, Colorado Regina Strehl entered the Zales Outlet jewelry store located within the mall complex.

10. Zales Outlet was open for business to the public and entry was had through the public entrance at the store.

11. The Outlets at Silverthorne is an open-air outlet mall and mall property under the direct control and supervision of mall management is immediately adjacent to the entrance doors to Zales Outlet.

12. The area immediately outside the doors of Zales Outlet is a tiled area exposed to the elements.

13. The immediate entry point inside the entrance to Zales Outlet is tiled floor; the remainder of the store is carpeted. There was no rug or other barrier on top of the tile flooring at the time of Regina Strehl's injuries.

14. As Regina Strehl entered Zales Outlet crossing the threshold from outside the door, she immediately slipped on the floor. In an effort to prevent falling to the ground, Regina Strehl grabbed hold of the door and in doing so twisted her right leg in an unnatural position.

15. Regina Strehl immediately suffered injury from the fall and was in excruciating pain as a result of the fall.

16. Norman Strehl was present during the injury resulting from the fall and witnessed portions of it and the aftermath.

17. Both Norman and Regina Strehl later observed ice, "slushy snow" and water had accumulated at the interior entrance to Zales Outlets, as well as at the threshold of the entrance door. There were no warning signs, either inside or outside the store, which indicated wet or icy conditions and no items were in apparent sight which indicated the employees of Outlets at Silverthorne or Zales Outlet had attempted to clean the area.

18. Law enforcement and emergency medical personnel responded to the Zales Outlet regarding this incident.

19. Silverthorne Police Officer M. Higby completed report number 2015-6246 concerning this incident. Officer Higby made note of the "slushy snow" and water on the tile floor as well as the excruciating pain suffered by Regina Strehl. See Exhibit A.

20. Officer Higby further requested copies of the video surveillance from Zales Outlet and the Zales Outlet manager, Mark Finn, refused to provide copies.

21. Manager Finn further stated no employee of the Zales Outlet witnessed the incident.

22. Regina Strehl was unable to walk or support her weight on her right leg and was transported by ambulance to Summit Medical Center where she was admitted with a partially separated ham string.

23. Regina Strehl was discharged from Summit Medical Center on December 28, 2015.

24. Regina Strehl suffered immense pain as a result of the fall and injury for several days after being released from the hospital as well as the deleterious side effects of the pain medication she was prescribed.

25. Due to the immense pain and side effects of pain medication, Regina Strehl was unable to drive or enjoy the vacation she had planned with her husband.

26. Norman Strehl was unable to enjoy the consortium of his wife or the vacation as a result of the injuries suffered by Regina Strehl and such loss continued for several months.

27. Regina Strehl suffered ongoing pain as a result of the injuries, was unable to walk without aid of a cane for some months and was required to undergo intense physical therapy to recover from the injuries.

28. Regina Strehl was cleared to return to employment on April 13, 2016.

29. Regina Strehl encumbered medical expenses in the amount of $28,633.83 which were not covered by insurance and are now due and outstanding. See Exhibit B.

30. Plaintiffs filed a claim with Zale Corporation for compensation as a result of their negligence, which was denied on July 7, 2016. See Exhibit C.

**FIRST CAUSE OF ACTION AS TO ZALE CORPORATION**
**[Negligence as to Regina Strehl]**

31. The allegations set forth in paragraphs 1 through 30 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

32. Zales Outlet had a duty to provide reasonable safe facilities in its store areas open to the public and which customers and guests frequented, including signage to warn of wet and slippery conditions as well as to ensure timely and adequate cleanup of areas of water, ice and snow that were known or should have been reasonably known to present of likelihood of falls and injury.

33. Zales Outlet breached its duty to provide reasonably safe facilities by failing to adequately warn entering customers and guests of the dangers of falling due to ice, snow and water as well as not adequately maintaining the entrance in a dry and safe manner.

34. It was reasonably foreseeable that, by failing to provide adequate warning signage and maintain a dry and safe entrance, a customer and guest, such as Regina Strehl, would be injured when entering the store.

35. Zales Outlet's failure to provide adequate warning signage and a dry and safe entrance, or any other reasonable feature, to protect customers and guests entering the store from falls and injury was the direct and proximate cause of Regina Strehl's excruciating pain and suffering and serious injuries.

36. As a result of Zales Outlet's negligence in failing to provide adequate warning signage and a dry and safe entrance, or any other reasonable feature, to protect customers and guests entering the store from falls and injury Regina Strehl has suffered actual damages. These damages include pain and suffering, a serious leg injury, medical bills and related costs of treatment, loss of enjoyment of a planned vacation with her husband, lost work time and income. It is unknown if there will be long-term consequences of the fall and injury which have yet to manifest.

**SECOND CAUSE OF ACTION AS TO ZALE CORPORATION**
**[Gross Negligence as to Regina Strehl]**

37. The allegations set forth in paragraphs 1 through 30 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

38. Zales Outlet had a duty to provide reasonable safe facilities in its store areas open to the public and which customers and guests frequented, including signage to warn of wet and slippery conditions as well as to ensure timely and adequate cleanup of areas of water, ice and snow that were known or should have been reasonably known to present of likelihood of falls and injury.

39. Zales Outlet breached its duty to provide reasonably safe facilities by failing to adequately warn entering customers and guests of the dangers of falling due to ice, snow and water as well as not adequately maintaining the entrance in a dry and safe manner.

40. It was reasonably foreseeable that, by failing to provide adequate warning signage and maintain a dry and safe entrance, a customer and guest, such as Regina Strehl, would be injured when entering the store.

41. Zales Outlet's wanton, willful and reckless disregard for the safety of its customers and guests in failing to provide adequate warning signage and a dry and safe entrance, or any other reasonable feature, to protect customers entering the store from falls and injury was the direct and proximate cause of Regina Strehl's excruciating pain and suffering and serious injuries.

42. As a result of Zales Outlet's gross negligence and wanton, willful and reckless disregard for the safety of its customers and guests in failing to provide adequate warning signage and a dry and safe entrance, or any other reasonable feature, to protect customers entering the store from falls and injury Regina Strehl has suffered actual damages. These damages include pain and suffering, a serious leg injury, medical bills and related costs of treatment, loss of enjoyment of a planned vacation with her husband, lost work time and income. It is unknown if there will be long-term consequences of the fall and injury which have yet to manifest.

43. Because of Zales Outlet's gross negligence was wanton, willful and in reckless disregard for the safety of its customers and guests, punitive damages should also be awarded against it in an amount to be determined at trial.

**THIRD CAUSE OF ACTION AS TO CRAIG REALTY GROUP**
**[Negligence as to Regina Strehl]**

44. The allegations set forth in paragraphs 1 through 30 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

45. Outlets at Silverthorne had a duty to provide reasonable safe facilities in its store areas open to the public and which customers and guests frequented, including signage to warn of wet and slippery conditions as well as to ensure timely and adequate cleanup of areas of water, ice and snow that were known or should have been reasonably known to present of likelihood of falls and injury.

46. Outlets at Silverthorne breached its duty to provide reasonably safe facilities by failing to adequately warn entering customers and guests of the dangers of falling due to ice, snow and water as well as not adequately maintaining the entrance in a dry and safe manner.

47. It was reasonably foreseeable that, by failing to provide adequate warning signage and maintain a dry and safe entrance, a customer and guest, such as Regina Strehl, would be injured when entering the store.

48. Outlets at Silverthorne's failure to provide adequate warning signage and a dry and safe entrance, or any other reasonable feature, to protect customers and guests entering the store from falls and injury was the direct and proximate cause of Regina Strehl's excruciating pain and suffering and serious injuries.

49. As a result of Outlets at Silverthorne's negligence in failing to provide adequate warning signage and a dry and safe entrance, or any other reasonable feature, to protect customers and guests entering the store from falls and injury Regina Strehl has suffered actual damages. These damages include pain and suffering, a serious leg injury, medical bills and related costs of treatment, loss of enjoyment of a planned vacation with her husband, lost work time and income. It is unknown if there will be long-term consequences of the fall and injury which have yet to manifest.

**FOURTH CAUSE OF ACTION AS TO CRAIG REALTY GROUP**
**[Negligence as to Regina Strehl]**

50. The allegations set forth in paragraphs 1 through 30 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

51. Outlets at Silverthorne had a duty to provide reasonable safe facilities in its store areas open to the public and which customers and guests frequented, including signage to warn of wet and slippery conditions as well as to ensure timely and adequate cleanup of areas of water, ice and snow that were known or should have been reasonably known to present of likelihood of falls and injury.

52. Outlets at Silverthorne breached its duty to provide reasonably safe facilities by failing to adequately warn entering customers and guests of the dangers of falling due to ice, snow and water as well as not adequately maintaining the entrance in a dry and safe manner.

53. It was reasonably foreseeable that, by failing to provide adequate warning signage and maintain a dry and safe entrance, a customer and guest, such as Regina Strehl, would be injured when entering the store.

54. Outlets at Silverthorne's wanton, willful and reckless disregard for the safety of its customers and guests in failing to provide adequate warning signage and a dry and safe entrance, or any other reasonable feature, to protect customers entering the store from falls and injury was the direct and proximate cause of Regina Strehl's excruciating pain and suffering and serious injuries.

55. As a result of Outlets at Silverthorne's gross negligence and wanton, willful and reckless disregard for the safety of its customers and guests in failing to provide adequate warning signage and a dry and safe entrance, or any other reasonable feature, to protect customers entering the store from falls and injury Regina Strehl has suffered actual damages. These damages include pain and suffering, a serious leg injury, medical bills and related costs of treatment, loss of enjoyment of a planned vacation with her husband, lost work time and income. It is unknown if there will be long-term consequences of the fall and injury which have yet to manifest.

56. Because of Outlets at Silverthorne's gross negligence was wanton, willful and in reckless disregard for the safety of its customers and guests, punitive damages should also be awarded against it in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION AS TO ZALE CORPORATION**
**[Loss of Consortium as to Norman Strehl]**

57. The allegations set forth in paragraphs 1 through 30 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

58. As a direct and proximate result of defendant Zale Corporation's negligent and grossly negligent conduct, plaintiff's spouse suffered the serious and grievous physical injuries

59. Before suffering these injuries, plaintiff's spouse was able to and did perform all the duties of a wife and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral support, and solace to plaintiff.

60. As a direct and proximate result of the injuries, plaintiff's spouse was unable to perform the duties of a wife to provide solace and comfort, engage in romantic relations, participate in family, recreational, or social activities with plaintiff, or contribute to the household income during the time of the injuries. Due to the nature of the injuries sustained by plaintiff's spouse and the severe physical and psychological strains they caused him, plaintiff's spouse was no longer able to provide plaintiff with love, companionship, affection, society, moral support, and solace during the time of the injury and significant recovery period. Plaintiff was therefore deprived his spouse's consortium, all to plaintiff's damage.

**SIXTH CAUSE OF ACTION AS TO CRAIG REALTY GROUP**
**[Loss of Consortium as to Norman Strehl]**

61. The allegations set forth in paragraphs 1 through 30 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

62. As a direct and proximate result of defendant Craig Realty Group's negligent and grossly negligent conduct, plaintiff's spouse suffered the serious and grievous physical injuries

63. Before suffering these injuries, plaintiff's spouse was able to and did perform all the duties of a wife and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral support, and solace to plaintiff.

64. As a direct and proximate result of the injuries, plaintiff's spouse was unable to perform the duties of a wife to provide solace and comfort, engage in romantic relations, participate in family, recreational, or social activities with plaintiff, or contribute to the household income during the time of the injuries. Due to the nature of the injuries sustained by plaintiff's spouse and the severe physical and psychological strains they caused him, plaintiff's spouse was no longer able to provide plaintiff with love, companionship, affection, society, moral support, and solace during the time of the injury and significant recovery period. Plaintiff was therefore deprived his spouse's consortium, all to plaintiff's damage.

## JURY DEMAND

65. Plaintiff's hereby demand a trial by jury.

## PRAYER FOR RELIEF

A. Awarding actual damages, jointly and severally, resulting from Defendants' wrongdoing in excess of $75,000;

B. Punitive damages in an amount to be proven at trial;

C. Pre- and post-judgment costs, interest and attorney's fees;

D. Such other and further relief as this Court may deem appropriate and equitable.

DATED: Little Rock, Arkansas
January 18, 2017

Regina Strehl
Plaintiff

Norman Strehl
Plaintiff

219 South Cross Street Apt. 1
Little Rock, Arkansas 72201
501-612-4137

Addresses of Defendants:

Zale Corporation
901 West Walnut Hill Lane
Irving, Texas 75038

Craig Realty Group
4100 MacArthur Boulevard, Suite 200
Newport Beach, California 92660

# Narrative mhigby 010116

EXHIBIT A

*Silverthorne Police Department*
*Case # 2015-6246*
*Incident Narrative*

COPY

*Sergeant Higby reporting:*

**NARRATIVE:**

On December 26, 2015 at about 1627 hours, I was dispatched to a medical at Zales, located at 135 Stephens Way, Unit B, in the Town of Silverthorne, Summit County, Colorado.

Upon arrival, I observed a female, later identified as Regina L Strehl (DOB 09-25-62), was sitting on a chair off to the side from the front door and was complaining of great pain. After some time I was able to calm her down and she stated the following:

> She and her husband Norm Strehl (DOB 10-16-52) were shopping at the Silverthorne Outlets. She entered the Zales jewelry store and slipped on the tile portion located after the threshold portion of the door. The rest of the store is fully carpeted, excluding this small portion. As she slipped on the tile that was wet and covered with slushy snow she leaned back and grabbed for the door so she would not fall. When she did this, she felt immense pain from her hip down towards the back of her knee. She felt as if it were a rubber band and something pulled back (simulating a rubber band being pulled back) causing immense pain.

I asked her on a scale of 0 (no pain) to 10 (the most pain) where she was at and she said above a 10. It was obvious she was in immense pain as her face was red, she was breathing hard, sweating, and could not move her right leg. Once medical arrived on scene, she was transported to the Summit Medical Center via the ambulance as she was not able to walk due to this injury.

I spoke with the manager on duty, Mark Finn, who had stated no one saw the incident and were unaware as to what had happened. I requested for a copy of the video footage and was told he would have to look into it.

On January 1, 2016 at about 1451 hours, I returned his phone call as he had called prior. Norm stated they stayed in the hospital for about two days due to her torn ligament from this incident. As of today, I have not received a phone call from Zales regarding the video footage.

**ADDITIONAL:**

I wrote a report per the request of the Outlet Security and Norm.

**ATTACHMENTS:**

n/a

***Officer Name/Badge #:*** *M. Higby SPD#6*
***Date:*** *January 1, 2016*

**EXHIBIT B**

Medical expenses from Accident at Zale's 12/26/15

| Name | Amount | Date | Whom paid it | How much was paid | Explanation |
|---|---|---|---|---|---|
| St Anthony Hospital | $25,296.94 | 12/26/15 | Never Got a Bill | total bill | Suspect this bill was written off |
| Summit County Ambulance Service | $1,619.00 | 12/26/15 | Never Got a Bill | total bill | Suspect this bill was written off |
| Apex Emergency Group | $732.00 | 12/26/15 | Never Got a Bill | total bill | Suspect this bill was written off |
| Vail Summit Orthopaedics | $255.00 | 12/26/15 | Not Paid | | Collections |
| Mark Norden, MD | $210.00 | 12/16/15 | Not Paid | | |
| Shreelekha Nallur, MD | $188.00 | 01/13/16 | Ar Medicare/Blue Shield | $117.66 | |
| Arkansas Specialty/Dr Eric Gorden | $165.00 | 01/26/16 | Ar Medicare/Blue Shield | $117.66 | |
| Wagner PT | $120.00 | 02/11/16 | Ar Medicare/Blue Shield | $77.82 | |
| Wagner PT | $45.00 | 02/11/16 | Ar Medicare/Blue Shield | $30.33 | |
| Wagner PT | $45.00 | 02/11/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/15/16 | Ar Medicare/Blue Shield | $33.57 | |
| Wagner PT | $45.00 | 02/15/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/15/16 | Ar Medicare/Blue Shield | $30.33 | |
| Wagner PT | $45.00 | 02/17/16 | Ar Medicare/Blue Shield | $33.57 | |
| Wagner PT | $45.00 | 02/17/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/17/16 | Ar Medicare/Blue Shield | $30.33 | |
| Wagner PT | $45.00 | 02/19/16 | Ar Medicare/Blue Shield | $33.57 | |
| Wagner PT | $45.00 | 02/19/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/19/16 | Ar Medicare/Blue Shield | $30.33 | |
| Wagner PT | $45.00 | 02/24/16 | Ar Medicare/Blue Shield | $33.57 | |
| Wagner PT | $45.00 | 02/24/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/24/16 | Ar Medicare/Blue Shield | $30.33 | |
| Wagner PT | $45.00 | 02/26/16 | Ar Medicare/Blue Shield | $33.57 | |
| Wagner PT | $45.00 | 02/26/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/26/16 | Ar Medicare/Blue Shield | $30.33 | |
| Wagner PT | $45.00 | 02/29/16 | Ar Medicare/Blue Shield | $33.57 | |
| Wagner PT | $45.00 | 02/29/16 | Ar Medicare/Blue Shield | $28.02 | |
| Wagner PT | $45.00 | 02/29/16 | Ar Medicare/Blue Shield | $30.33 | |
| Arkansas Specialty/Dr Eric Gorden | $110.00 | 03/02/16 | Ar Medicare/Blue Shield | $79.43 | |
| Arkansas Specialty/Dr Eric Gorden | $67.00 | 04/13/16 | Ar Medicare/Blue Shield | $46.86 | |
| Walgreen | $175.77 | 12/28/15 | N&R Strehl | $175.88 | Medicine when discharged from Hospitial |
| Walgreen | $6.40 | 01/15/16 | Ar Medicare/Blue Shield | $2.95 | |
| Walgreen | $6.40 | 01/25/16 | Ar Medicare/Blue Shield | $2.95 | |
| Walgreen | $25.42 | 01/25/16 | Ar Medicare/Blue Shield | $12.02 | |
| TOTAL | $29,876.93 | | | $1,243.10 | |



Gallagher Bassett Services, Inc.

EXHIBIT C

July 7, 2016

Regina Strehl
219 S Cross St #1
Little Rock, Ar 72201

RE: Our Client: Zales Outlet
Claimant: above
Our Claim No: 004041000929gb01
Date of Accident: 12-26-2015

Ms Strehl,

Gallagher Bassett Services, Inc. is the claims administrator for the above captioned client. We believe that we now have enough of the facts and circumstances surrounding your claim to enable us to make a decision.

Please be advised, we are not required to pay all claims as presented, regardless of cause or manner of the accident. Our position is to indemnify only if our client was legally at fault. In consideration of that responsibility, we are guided by all the information that becomes available to us during the course of investigation.

We have attempted to appraise fairly and properly all of the information and reports available to us regarding the occurrence of this incident. Being guided by these facts, it is our conclusion that our client is not responsible for this loss.

However, our client provides medical coverage up to $10,000 for one year from the date of loss for all accident related medical treatment.

Sincerely,

Janice Knerr

Janice Knerr
Senior Resolution Manager
1215 Manor Drive; Mechanicsburg, Pa 170557
Email: Janice_knerr@gbtpa.com
Phone: 717 610 3920

jk

219 South Cross St. Apt. 1
Little Rock, AR 72201
501-612-4137

January 20, 2017

United States District Court
Northern District of Texas
Office of the Clerk – Civil Division
1100 Commerce St. Room 1452
Dallas, TX 75242

Re: Filing of Complaint

Dear Sir or Madam:

Please find the enclosed original and four true copies of the Complaint we wish to file in this matter. The original and one (1) copy are for the Court's records. Also enclosed are the Civil Cover Sheet, two completed Summons for the listed defendants, and a Certificate of Interested Persons.

We are initiating this matter pro se and have completed the forms as indicated by the instructions and to the best of our knowledge.

Please file stamp and return three (3) copies of the Complaint as well as the Summons to the address listed above, so that we may begin the service of process as to each defendant.

If you have any questions or need any additional information, please contact us at the phone number listed above.

Thank you for your assistance.

Sincerely,

[signatures]

Norman & Regina Strehl

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Regina Strehl
Norman Strehl

**DEFENDANTS**
Zale Corporation
Craig Realty Group

**(b)** County of Residence of First Listed Plaintiff: Pulaski County, Arkansas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas County, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Personaly injury and loss of consortium claim arising from slip and fall accident on premises of defendants.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE 1/20/17 [signature] SIGNATURE OF ATTORNEY OF RECORD [signature: Regina Strehl]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______