IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORMAN STREHL AND REGINA STREHL, | § § § § § | |
| Plaintiffs, | | |
| V. | § § | No. 3:17-cv-222-N-BN |
| ZALE CORPORATION d/b/a Zales Outlets AND CRAIG REALTY GROUP d/b/a Outlets at Silverthorne, | § § § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Plaintiffs Norman and Regina Strehl, husband-and-wife citizens of Arkansas, allege that, while they were on vacation in Silverthorne, Colorado, on December 26, 2015, Regina slipped, fell, and injured herself while entering a Zales Outlet jewelry store located at The Outlets of Silverthorne, an open-air outlet mall. *See* Dkt. No. 3.

This *pro se* tort action, filed in January 2017, is based on that incident, and the Strehls have sued Zale Corporation, a Delaware corporation with its corporate offices in Irving, Texas, in the Dallas Division of this district, and Craig Realty Group, a California corporation, alleged to own, develop, and manage The Outlets at Silverthorne. *See id.*

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Both defendants have answered. *See* Dkt. Nos. 8 & 15. And Craig Realty has

moved to transfer this case, under 28 U.S.C. § 1404(a), to the District of Colorado. *See* Dkt. Nos. 7 & 8. The Strehls have filed a response in opposition to that motion. *See* Dkt. No. 14. Craig Realty has filed a reply brief. *See* Dkt. No. 17. And, while Zale Corporation has not weighed in on the pending motion to transfer, its answer asserts that venue is not proper in this district. *See* Dkt. No. 15 at 1, 2-3, & 9.

For the reasons explained below, Craig Realty's motion to transfer should be granted, and this action should be transferred to the District of Colorado.

**Legal Standards and Analysis**

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In applying Section 1404(a), the Court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once this initial determination is made, the Court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance

>of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citations omitted).

Transfer of venue under Section 1404(a) is at the Court's discretion, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *El Chico Restaurants of Tex., Inc. v. Carroll*, No. 3:09-cv-2294-L, 2010 WL 2652286, at *2 (N.D. Tex. June 29, 2010) (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)).

A plaintiff's original choice of forum is entitled to some deference, which dictates that the moving party must "demonstrate[ ] that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). But, while a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient," a plaintiff's "choice of forum ... is not an independent factor within ... the § 1404(a) analysis." *Id.* at 314 n.10, 315. Rather, "a plaintiff's choice of venue is to be treated as a burden of proof question." *Id.* at 314 n.10 (internal quotation marks omitted).

As an initial matter, the Court determines that this action could have been brought in the District of Colorado. Civil diversity actions, such as this one, may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," among other locations. 28 U.S.C. § 1391(b)(2); *see, e.g., Osgood v. Discount Auto Parts*, LLC, 981 F. Supp. 2d 1259, 1264 (S.D. Fla. 2013)

("Here, Plaintiff's accident occurred in Lake City, which is located in the Middle District of Florida. Thus, this case could have been brought there in the first instance." (citing 28 U.S.C. § 1391(b)(2)); *cf. Dover v. Resort Cos., Inc.*, Civ. No. 2:12-cv-03785 (WJM), 2013 WL 827432, at *1 (D.N.J. Mar. 6, 2013) ("[U]nder 28 U.S.C. § 1391(b)(2), venue is proper only in the Western District of Virginia, as the only event giving rise to the claim – Derrick Dover's alleged slip and fall – occurred in Rockingham, Virginia.").

The Fifth Circuit's convenience factors also weigh in favor of transferring the action to the District of Colorado, as the only connection to this district is that one of the defendants has its corporate offices here.

That Zale Corporation is headquartered in this district may implicate a local interest, but, because this litigation concerns a slip-and-fall at an outlet mall in Colorado, and because there are no allegations connecting Zale Corporation executives (or other employees located at its headquarters) to the Strehl's suit, this case does not meet the public concern that there is a local interest in having localized interests decided at home. *See Abstrax, Inc. v. Hewlett-Packard Co.*, No. 2:14-cv-158-JRG, 2014 WL 5677834, at *6 (E.D. Tex. Nov. 4, 2014) ("HP contends that the Northern District of California has a greater local interest in this case because HP maintains its corporate headquarters in that District. However, HP has failed to show that its employees or offices in the Northern District of California have a particular connection to this case."); *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods.*, No. 3:09-cv-488-D, LLC, 2009 WL 2634860, at *8 (N.D. Tex. Aug. 26, 2009) (recogniz[ing] that

[plaintiff's] corporate headquarters are located in this district, [but noting that] this case is different in that the location of [plainitff's] most relevant 'local interest' appears to be [its office in] Neenah, Wisconsin"); *see also Butorin on behalf of KBR Inc. v. Blount*, 106 F. Supp. 3d 833, 843 (S.D. Tex. 2015) ("There may be some local interest in this controversy, since KBR's principal executive offices are in Houston, Texas. However, the issues in this case relate to stockholders from many different places, so the court finds that this factor weighs only slightly in favor of retention.").

In contrast to the weak connection to this district, an overwhelming number of the private and public interest factors favor the District of Colorado.

Where the accident occurred, Silverthorne, Colorado is some 68 miles from the federal courthouse in Denver, *see* Dkt. No. 17 at 3 & 5, and, therefore, not only is the District of Colorado more convenient and less costly for many willing witnesses, but, as Craig Realty notes, "the medical records and documents, initial healthcare providers, police investigators, and other witnesses are within the 100 mile subpoena power of the court for record retrieval, depositions, hearings, and trial," *id.* at 5 (citing FED. R. CIV. P. 45(c)).

While the Strehls argue that other witnesses, including medical providers "who will testify concerning the ongoing extent of [Regina's] injuries and her ongoing pain and suffering ... are located in Little Rock, Arkansas," not in Colorado, Dkt. No. 14 at 2, such providers, to the extent that the Strehls cannot compel their cooperation, are outside of this Court's subpoena power, and there has been no showing as to these witnesses that Denver is more difficult a venue to reach than Dallas. *Cf. Bennett v.*

*Moran Towing Corp.*, 181 F. Supp. 3d 393, 399 (S.D. Tex. 2016) ("Medical providers are key witnesses in a personal injury case and Moran Towing has offered no evidence establishing that the medical treaters will voluntarily attend trial without a subpoena or that they are hired expert witnesses. While Moran Towing argues that obviously Bennett has the power to compel his doctor to testify in Connecticut it offers no authority for how this can be done in the absence of such evidence. Accordingly, the Court finds that this factor weighs against transfer." (citations omitted)).

In addition, as Colorado law governs this diversity action, *see, e.g., Abramov v. Otis Elevator Co.*, No. 3:11-cv-440-D, 2011 WL 5081560, at *8 (N.D. Tex. Oct. 25, 2011) ("[B]ecause this court's jurisdiction is based on diversity of citizenship, the forum state's choice of law rules apply. Under Texas choice of law rules, the law of the state with the most significant relationship to the controversy governs in a tort action." (respectively citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941); *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979))), a transfer also helps ensure that a forum that is familiar with the governing state law will try the dispute and avoids potential conflict of law issues, *see Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990) (noting that "'there is an appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflicts of laws, and in law foreign to it'" (quoting *Gulf Oil Corp.* v. Gilbert, 330 U.S. 501, 508-09 (1947))).

In light of the private and public interest factors implicated, the Court finds that it would be in the interest of justice to transfer the action under Section 1404(a).

**Conclusion**

This action will be transferred under the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6 to the District of Colorado on **April 27, 2017**, the fourteenth day after the date of entry of this order, to allow any party to file an objection to Judge Godbey under Federal Rule of Civil Procedure 72(a).

If an objection is filed, the order of transfer is stayed pending further order of the Court.

SO ORDERED.

DATED: April 13, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE